IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:05-1128-RBH-1 |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| CREIGHTON BENJAMIN, et al. | ) | |
| | ) | |

Pending before the court is Defendant Creighton Benjamin's (hereinafter "Benjamin") motion to sever counts, pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure, which was filed on April 27, 2006. The court heard oral arguments on the motion on May 2, 2006, and took the matter under advisement. After the hearing, the government filed a formal written response to the motion and on May 9, 2006, a Superseding Indictment was handed down which added an additional count alleging conspiracy. For the reasons stated below, the defendant's motion is denied.

### I. Procedural History

The first Indictment in this case was handed down on October 25, 2005, and contains six counts. Benjamin is named in Counts 1, 4, 5, and 6. Counts 1, 4, and 5 are separate drug counts which charge the defendant with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[1] Count 6 is a gun count which charges the defendant with a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). As aforementioned, a Superseding Indictment was handed down on May 9, 2006, which added a conspiracy charge in Count 7.

### II. Discussion

In the motion pending before the court, the defendant initially requests that the court sever

---

[1] Count 5 also charges a violation of 21 U.S.C. § 841 (b)(1)(D).

Counts 1, 4, 5, and 6 from each other. The defendant states that the facts alleged to constitute the actions of Counts 1, 4, 5, and 6 do not arise out of the same set of facts and circumstances. Alternatively, the defendant requests that Count 6 be severed from Counts 1, 4, and 5.[2]

The defendant notes that Count 1 alleges a Distribution of Crack Cocaine on December 17, 2004. Count 4 alleges a Distribution of Crack cocaine on March 8, 2005, and Count 5 alleges Possession With Intent To Distribute Crack Cocaine on March 18, 2005. Count 6 alleges possession of a firearm and ammunition on June 4, 2005, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).

The defendant primarily argues that the facts and circumstances surrounding the allegations of Count 6 are not related to the allegations of Counts 1, 4, and 5. Further, the defendant argues that the conduct alleged in Count 6 would not be admissible as relevant evidence in trial on the other unrelated counts. The defendant also states that the evidence of wrong doing unrelated to Count 6 would harm his ability to be judged by an objective and unbiased trier of fact at trial of all Counts. The defendant states that joinder of Counts 1, 4, 5, and 6 will prejudice him and that his right to a fair trial would be irrevocably harmed by use of evidence not only in a substantive fashion, but potentially under Rule 404(b) of the Federal Rules of Evidence. At the hearing on the motion, the defendant also made much of the fact that the violation in Count 6 allegedly occurred several months after the latest of the counts alleging drug violations.

**A) Joinder**

The court notes that under Rule 8(a) of the Federal Rules of Criminal Procedure joinder of

---

[2] The court notes that the defendant's argument in his brief and at the hearing focused on the relief requested under this alternative request and not severance of all Counts from each other.

separate offenses is permitted where "the offenses charged . . . [1] are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." In the case at bar, it appears to this court that joinder of Counts 1, 4, and 5 satisfies the first prong under 8(a), that being the drug counts are of the same or similar character. However, the validity of the joinder of Count 6 with the remaining counts still remains a viable question.

As noted above, Count 6 is an alleged gun violation, while Counts 1, 4 and 5 are all alleged drug violations. The Fourth Circuit noted in United States v. Cardwell, 433 F.3d 378, 385 (4th Cir 2005), that "[w]e have interpreted the latter two prongs of this Rule [8(a)] flexibly, requiring that the joined offenses have a 'logical relationship' to one another." (internal citations omitted). The court found that such a relationship exists when "consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." Id. The court went on to hold that "[r]ule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial." Id. (internal citations omitted).

This court finds that when considering the issue of proper joinder of counts it must take into account that, as mentioned above, since the hearing on this motion, the government has filed a Superseding Indictment which adds an additional count for conspiracy. The conspiracy count encompasses the entire time frame of all of the other counts and the government argues that it will show that from 2004 to the time of the defendant's arrest, he was involved in a conspiracy to distribute crack cocaine and marijuana. The government states that it will show that during the time of the drug conspiracy, Benjamin was arrested with three bullets in his pocket and a loaded revolver under the hood of his girlfriend's car. The government argues that it will further show that Benjamin carried a gun for protection because he was a drug dealer. Additionally, the government states that Benjamin's co-

defendant will testify that Benjamin had previously hidden drugs in the same place the gun was found under the hood of his car. After considering such, and because Rule 8(a) permits very broad joinder, the court finds that the gun count and the drug counts have a "logical relationship" to one another and have been properly joined in the Indictment.

### B) Severance

As mentioned above, the defendant cites both Rule 8 and Rule 14 of the Federal Rules of Criminal Procedure in support of his motion requesting separate trials. Rule 14(a) provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . ., the court may order separate trials of counts . . . ." This rule contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required. The Fourth Circuit has found that "[s]uch cases, however, will be rare." Cardwell, 433 F.3d at 387. The court also noted that "[i]t is not enough for the defendant to show that severance offers him a better chance of acquittal." Id. (internal quotation marks and citations omitted). Rather, the Supreme Court has stated that "when defendants properly have been joined under [Rule 8], a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). The Fourth Circuit has also noted that reversal under Rule 14 is required only if the defendant shows that requiring him to defend against the joined offenses in the same trial resulted in "clear prejudice." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995).

However, it is important to note that potential prejudice is considered significantly reduced where "evidence of all joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense." United States v. Jamar, 561 F.2d 1103, 1106 (4th Cir. 1977). Notably, "[t]his standard does not require that every item of evidence relating to one offense be admissible in a separate

4

trial for the other, but rather looks in a broader sense to whether the rules relating to 'other crimes' evidence have been satisfied." United States v. Foutz, 540 F.2d 733, 736 n.3 (4th Cir.1976).

The government argues that the case of United States v. Fowler, 85 F.3d 617 (4th Cir. 1996) is instructive to this court's analysis of the issues presented in this case. In that case, Fowler was charged with unlawful possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g), making a false statement in connection with the acquisition of a firearm, see 18 U.S.C. § 924(a)(1)(A), and distribution of cocaine base ("crack"), see 21 U.S.C. § 841(a)(1). Id. at *1. Fowler argued that severance was necessary because evidence of the joined crimes would not be mutually admissible in separate trials, and because the fact that he was a convicted felon would have been inadmissible at the trial on his drug count. Id. at *3. The Fourth Circuit held that severance was not required for the following reasons. First, joinder promoted judicial economy because of the witness's testimony applied to all three counts. Second, most of the evidence of each charged offense was mutually admissible. For example, evidence of Fowler's straw purchase of the firearm would be admissible in a separate trial on his drug charge because guns are considered "tools of the trade" for drug traffickers. See United States v. Cooper, 827 F.2d 991, 995 (4th Cir. 1987). Likewise, evidence of Fowler's drug trafficking would be admissible with respect to the gun charges to show a motive for obtaining the gun. See Fed.R.Evid. 404(b) (evidence of other crimes admissible to prove motive). Id.

The government argues that this case, like Fowler, should not be severed for the following reasons. First, the government states that in a trial of Benjamin's gun charge alone, the government would offer evidence of Benjamin's drug dealing pursuant to 404(b) to show motive for carrying a gun. The government also argues that the co-defendant's testimony that Benjamin had previously hidden drugs under the hood in the same spot would be admissible under 404(b) to show Benjamin's intent and

absence of mistake. Second, the government contends that Benjamin's possession of the firearm would be admissible in a separate trial on his drug charge because guns are considered "tools of the trade" for drug traffickers. See Cooper, 827 F.2d at 995. Third, the government states that the counts should not be severed for judicial economy because many of the government's witnesses are the same for all of the counts. Fourth, the government notes that the Indictment has been superseded with a conspiracy count that encompasses all relevant dates. Finally, the government states that Benjamin's case is lacking one of Fowler's strongest reasons for severance. Fowler argued that he was prejudiced by the admission of his prior felony conviction because his prior felony conviction would not have been admissible in a separate trial on the drug charge. In this case, however, the government argues that Benjamin's "prior felony convictions" would be admissible in a separate trial on the drug charge pursuant to Fed.R.Evid. 404(b) because Benjamin's prior felony convictions are for possession and distribution of drugs.

This court finds that the government's argument opposing severance is persuasive. The court finds that evidence of the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense, and as such, there is less potential for prejudice. Furthermore, the court finds significant that the conspiracy count encompasses all of the relevant dates of the other counts. The court also finds that the efficient administration of justice in trying all the counts together outweighs any possible prejudice to the defendant. While the court does not have a motion before it at this time concerning the admissibility of certain evidence pursuant to 404(b), the court finds that if certain 404(b) evidence was allowed, it would give even further support for severance being denied. After due consideration, this court finds that severance is not necessary in this case. Furthermore, consistent with this Circuit's precedent, the court will give the jury proper limiting instructions if the defendant so requests, which has been found to further mitigate any potentiality of prejudice.

### III.  Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion to sever counts [Entry # 71] is **DENIED**.

**IT IS SO ORDERED.**

                                         s/ R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

May 26, 2006
Florence, South Carolina